**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MAYBORN USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LUV N' CARE, LTD. &<br>NOURI EDWARD HAKIM<br><br>Defendant. | ) | CIVIL ACTION NO.:<br><br>14-11846<br><br>Jury Trial Demanded |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff MAYBORN USA INC. (hereinafter referred to as "Mayborn" or "Plaintiff"), for its Complaint against Defendants LUV N' CARE, LTD. (hereinafter referred to as "LNC") and NOURI EDWARD HAKIM (hereinafter referred to as "Hakim") (hereinafter LNC and Hakim are collectively referred to as "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff Mayborn is a corporation organized and existing under the laws of the State of New York, having a principal place of business at One Edgewater Drive, Brookside Park, Norwood, Massachusetts 02062, and is doing business in this State and District.

2. Upon information and belief, Defendant LNC is a corporation organized and existing under the laws of the State of Louisiana, having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201, and may be served with a summons and complaint at that address. Upon information and belief, LNC purports to be the owner of U.S. Patent No. 8,695,841 (the "'841 patent"), which issued from U.S. Patent Application No. 12/797,061 (the "'061 application").



**Exhibit E**

3. Upon information and belief, Defendant Nouri Edward Hakim is the principal of LNC, and has a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201, and may be served with a summons and complaint at that address. Upon information and belief, and according to records held by the United States Patent and Trademark Office, Defendant Hakim is the owner of the '841 patent, which issued from the '061 application.

## JURISDICTION AND VENUE

4. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

5. This Court has jurisdiction over the subject matter of this action on the following grounds:

a. 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

b. 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

c. 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights.

6. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §§ 2201 and 2202, and Rule 57, Fed. R. Civ. P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff Mayborn and Defendants.

7. This Court has personal jurisdiction over Defendants consistent with the principles underlying the U.S. Constitution and Mass. Gen. Laws Chapter 223A, § 3 because, among other things, Defendants made statements to Mayborn, which is located in this State and District,



Exhibit E

creating in Plaintiff a reasonable apprehension of suit by Defendants and because any injury caused to Plaintiff occurred in the State of Massachusetts and this District where Plaintiff Mayborn's U.S. operations are headquartered. In addition, Defendants sell products, such as its No-Spill Gripper Cup and No Spill Sipper Cup, in retail establishments, such as K-Mart stores, in the State of Massachusetts. Screen shots of the K-Mart website showing these products available "In Stock" at K-Mart stores in Massachusetts are provided in Exhibit 1.

8. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391 and/or § 1400 because, among other things, this is an action arising out of allegations of patent infringement and because Plaintiff is in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTS

9. On or about Saturday, February 2, 2013, the Chief Executive Officer of Mayborn Group Limited (Plaintiff Mayborn USA, Inc. is a wholly owned subsidiary of Mayborn Group Limited), Steve Parkin, and Defendant Hakim, met to discuss the potential settlement of three ongoing litigations involving Mayborn (or companies affiliated with Mayborn) and LNC in Louisiana state and New York Federal Courts (*Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, No. 10-1891; *Luv N' Care, Ltd. and Admar Inter'l, Inc. v. Mayborn USA, Inc.*, 11-cv-2460; *Luv N' Care, Ltd. and Admar Int'l, Inc. v. Toys "R" Us, Inc. and Munchkin, Inc.*, 12-cv-0228). Mr. Hakim told Mr. Parkin that LNC recently received a Notice of Allowance for claims in a pending patent application, and Mr. Hakim asserted that Mayborn's Penguin line of products (the "Accused Products") infringes the allowed claims. Penguin is the Mayborn internal designation for Mayborn's Explora® line of products. These products are depicted in Exhibit 2 attached hereto

and Mayborn has and continues to offer to sell and sell the Explora® line of products in the United States. Mr. Hakim indicated that LNC would file suit for alleged patent infringement after the United States Patent and Trademark Office issued the patent.

10. On or about February 4, 2013, Mayborn inquired as to whether the '061 application, which has today issued as the '841 patent, was the patent application Defendant Hakim was referring to in the February 2, 2013, meeting between the CEO of Mayborn and Mr. Hakim.

11. On or about February 4, 2013, Morris E. Cohen, outside counsel for LNC and Hakim, sent a series of six emails to James Grant, Mayborn's outside litigation counsel, and confirmed that the relevant LNC patent application was the '061 application. Mr. Cohen's emails included the file history of the '061 application as of approximately February 4, 2013. Mr. Cohen also stated that "[t]he file [history] is fairly large (23 Mb)" and that "[t]he Notice of Allowance is on page 7 of the attached part." The first of the six emails is attached to this complaint as Exhibit 3.

12. Earlier that same day, Mr. Grant, on behalf of Mayborn, met with Mr. Cohen and his co-counsel Lee Goldberg, and they, on behalf of LNC and Hakim, specifically walked Mr. Grant through the allowed claims of the application that has now issued as the '841 patent, as well as a sample of the Accused Products and attempted to demonstrate to Mr. Grant how each limitation of at least some of the purportedly allowed claims were allegedly infringed by the Accused Products. Each of the Accused Products depicted in Exhibit 2 contains a valve that Defendants argued in the meeting with Mr. Grant infringe on the allowed claims of the now issued '841 patent.

13. Due to numerous delays resulting from Requests for Continued Examination filed by LNC and Hakim, as well as the resolution of the abandonment of the '061 application for failure

to pay the issue fee, the '061 application did not issue until today, April 15, 2014. The '841 patent ultimately did issue with claims 1 through 15, which correspond to the claims of the '061 application that Defendants previously asserted would form the basis of a suit for patent infringement against Mayborn once the patent issued.

14. The Accused Products include two configurations. The first includes, among other things, a spout and a two-piece spill prevention structure that includes a diaphragm and a hard plastic component. The second includes, among other things, a two-piece spill prevention structure that includes a diaphragm with an integral straw, and a hard plastic component.

15. The Accused Products do not infringe, and have not infringed, any patent rights of Defendants, including any rights set forth in the '841 patent.

16. There is an actual, substantial, and justiciable controversy between Plaintiff Mayborn and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendants have made numerous clear threats against Plaintiff sufficient to create a reasonable apprehension of suit now that the '841 patent has issued. Plaintiff is entitled to a judgment declaring its rights as requested herein.

## COUNT I

## DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT

17. Plaintiff incorporates by reference paragraphs 1 through 16, above, as if set forth fully herein.

18. There is an actual, substantial and justiciable controversy between Plaintiff Mayborn and Defendants concerning Defendants' allegations that Plaintiff has infringed any claims of the '841 patent, which issued from the '061 application.

19. Declaratory relief is necessary and appropriate in this case because these allegations place a cloud of uncertainty over Plaintiff's business activities related to assertion of infringement of the '841 patent and will cause uncertainty among customers, prospective customers, suppliers, and others in the marketplace, likely leading Plaintiff and/or its related entities to lose sales and business opportunities.

20. The Accused Products are designed in a manner that does not infringe, literally or under the doctrine of equivalents, any claims of the '841 patent, as alleged by Defendants.

21. Plaintiff is entitled to a judgment declaring that any and all making, using, selling, offering for sale, or importing into the United States of the Accused Products by Plaintiff is and has been lawful, and otherwise declaring that Plaintiff has not infringed any valid rights, if any exist, that Defendants may hold in the '841 patent.

22. As a direct and proximate result of Defendants' allegations of patent infringement against products made, used, sold, offered for sale, and/or imported into the United States by or for Plaintiff, Plaintiff is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

WHEREFORE, Plaintiff Mayborn prays that this Court enter judgment:

(a) Declaring that Plaintiff, and specifically including the Accused Products, made, used, imported, sold and/or offered for sale by or for Plaintiff or its related entities, has not infringed and is not infringing, either literally or under the doctrine of equivalents, any purported patent rights of Defendants in the '841 patent, and otherwise has not violated any provision of the patent laws of the United States;

(b) Permanently enjoining Defendants, their successors, assigns, and others from asserting the '841 patent against Plaintiff or its related entities with respect to the



Exhibit E

Accused Products and any other product currently or previously made, used, imported, sold and/or offered for sale by Plaintiff or its related entities;

(c) Finding in favor of Plaintiff and declaring this case to be exceptional pursuant to 35 U.S.C. § 285;

(d) Awarding Plaintiff its attorneys' fees and other costs and expenses;

(e) Awarding interest to Plaintiff to the extent permitted by law; and

(f) Awarding to Plaintiff any such further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**



**Exhibit E**

This 15th of April, 2014.

THE PLAINTIFF
MAYBORN USA, INC.

By: /s/ Elaine Hermann Blais

Elaine Herrmann Blais (BBO# 656142)
Srikanth K. Reddy (BBO# 669264)
Goodwin Procter LLP
53 State Street
Boston, MA 02109
(617) 570-1000 (telephone)
(617) 523-1231 (facsimilie)
eblais@goodwinprocter.com
sreddy@goodwinprocter.com

Bruce J. Rose, N.C. Bar No. 20105 (application for admission *pro hac vice* to be filed)
S. Benjamin Pleune, N.C. Bar No. 28748 (application for admission *pro hac vice* to be filed)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 (telephone)
(704) 444-1111 (facsimile)
bruce.rose@alston.com
ben.pleune@alston.com



**Exhibit E**