IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUV 'N CARE, LTD. and ADMAR INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>JACKEL INTERNATIONAL LIMITED and MAYBORN USA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:14-cv-00855-JRG<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND COUNTERCLAIM TO THE COMPLAINT**

Defendants Mayborn USA, Inc. ("Mayborn") and Jackel International Limited ("Jackel") (collectively "Defendants") hereby respond to the Complaint of Luv 'n care, Ltd. ("LNC") and Admar International, Inc. ("Admar") (collectively "Plaintiffs") as follows:

**Nature of the Action**

1.  Defendants admit that the Complaint purports to state a cause of action for breach of contract arising under the Louisiana Unfair Trade Practices and Consumer Protection Law, LA. R.S. 51:1401 et seq. and a cause of action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 101 et seq., but denies that there has been any such breach of contract or infringement by the Defendants.

## Parties

2.Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.  Therefore, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.  Therefore, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.  Therefore, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.Defendants admit that the State of Louisiana, Parish of Ouachita, Fourth District Court ("Louisiana Trial Court"), entered a judgment dated May 21, 2013 in an action styled *Luv n' Care, Ltd. V. Jackel International Limited*, No. 10-1891 ("*Jackel 1*") and that Exhibit A purports to be a true and correct copy of that judgment.

8.Defendants admit that the Louisiana Trial Court entered a judgment in *Jackel 1* on May 21, 2013 but state that the written document is the best and only proof of its contents and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the judgment.

## Jurisdiction and Venue

9.Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit that this Court has personal jurisdiction over the Defendants but show that the 2008 Agreement is the best and only proof of its contents and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the 2008 Agreement.

11.     Defendants admit that this Court has personal jurisdiction over the Defendants but deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

### Statement of Facts

13.     Defendants admit that LNC is a baby products company that sells products under the Nuby brand name.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore, deny those allegations.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.  Therefore, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit an agreement between Jackel and LNC was executed on April 17, 2003 and that Exhibit B purports to be a true and accurate copy of the 2003 Agreement, but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the 2003 Agreement.

16.     Defendants admit an agreement between Jackel and LNC was executed on April 17, 2008 and that Exhibit C purports to be a true and accurate copy of the 2008 Agreement, but show that the written document is the best and only proof of its contents and thus Defendants

deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the 2008 Agreement.

17. Defendants admit that the 2003 and 2008 Agreements were executed but show that the written documents are the best and only proof of their contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the Agreements.

18. Defendants admit that the 2003 and 2008 Agreements were executed but show that the written documents are the best and only proof of their contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the Agreements.

19. Defendants admit that the 2003 and 2008 Agreements were executed but show that the written documents are the best and only proof of their contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the Agreements.

20. Defendants admit that the 2003 and 2008 Agreements were executed but show that the written documents are the best and only proof of their contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the Agreements.

21. Defendants admit that the 2008 Agreement was executed but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the 2008 Agreement.

22. Defendants admit that the 2008 Agreement was executed but show that the written document is the best and only proof of its contents and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the 2008 Agreement.

23. Defendants admit that the Court entered a judgment on May 21, 2013 but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the judgment.

24. Defendants admit that the jury entered a verdict in *Jackel 1* on February 7, 2013but show that the written document is the best and only proof of its contents and deny the remaining allegations in Paragraph 23.

25. Defendants admit that the jury entered a verdict in *Jackel 1* on February 7, 2013 but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof.

26. Defendants admit that there is an "Explora" line of cups, also referred to internally as the Penguin cups. Defendants state that the Explora line of cups have been sold in the United States since mid-2009. LNC has been aware of the "Explora" line of products since the filing of *Jackel 1* and attempted to assert claims related to the Explora cups in *Jackel 1*. Because LNC delayed too long in amending the case to accuse additional products, the court did not permit LNC to assert claims against the Explora cups in *Jackel 1*. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that a discussion took place between Nouri Edward Hakim and Steve Parkin regarding the Accused Products. Defendants deny the remaining allegations.

30. Defendants admit that the '841 patent bears an issue date of April 15, 2014. Defendants admit that Exhibit D purports to be a copy of the '841 patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint and therefore deny those allegations.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that Mayborn USA filed a Complaint for Declaratory Relief against LNC and Mr. Nouri E. Hakim on April 15, 2014. Defendants admit that Exhibit E purports to be a copy of the Complaint for Declaratory Judgment.

33. Defendants admit the allegation contained in Paragraph 33 of the Complaint.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that Mr. Cohen alleged infringement of the claims of LNC's patent application. Defendants admit the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit to having knowledge of the claims that were ultimately allowed by the USPTO, but state that Defendants did not receive notice of the published application and otherwise deny the allegations in Paragraph 38.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

### Count I
### Breach of Contract

42. Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 41 hereof as though set forth fully herein.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

### Count II
### Violation of Louisiana Unfair Trade Practices and Consumer Protection Law

45. Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 44 hereof as though set forth fully herein.

46. Defendants admit that the jury found that Defendants violated the Louisiana Unfair Trade Practices and Consumer Protection Law. Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

### Count III
### Infringement of U.S. Patent No. 8,695,841

52. Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 51 hereof as though set forth fully herein.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

## GENERAL DENIAL

63. Except as expressly admitted herein, Defendants deny each and every allegation contained in the Amended Complaint.

With respect to Plaintiffs' Prayer for Relief, Defendants further deny that Plaintiffs are entitled to any of the relief requested therein.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants respectfully request that this Court enter an order denying the relief Plaintiffs seek, dismissing Plaintiffs' Complaint against Defendants in its entirety with prejudice, and grant Defendants any other such relief as this Court deems just and proper.

## DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing LNC's burdens of proof on its affirmative claims against Defendants, without waiving its right to assert additional defenses, and

solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendants assert the following defenses to the Complaint:

### First Defense

64. Defendants do not infringe and have not infringed any valid and enforceable claim of the '841 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

### Second Defense

65. Each of the claims of the '841 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, §§ 102, 103, and 112.

### Third Defense

66. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the '841 patent, LNC is estopped from claiming infringement by Defendants of one or more claims of the '841 patent.

### Fourth Defense

67. LNC's claims for damages and other remedies are barred in whole or in part under principles of equity, including laches, estoppel, acquiescence, waiver, and/or unclean hands.

### Fifth Defense

68. LNC's claims for damages and other remedies are limited under 35 U.S.C. §§ 286 and 287.  LNC is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the

filing of the Complaint. LNC is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### Sixth Defense

69. Defendants have engaged in all of their activities in good faith, and LNC cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendants pursuant to 35 U.S.C. § 285.

### Seventh Defense

70. LNC is not entitled to injunctive relief because it is not likely to succeed on the merits of its claims, any alleged injury to LNC is not immediate or irreparable, LNC has an adequate remedy at law, the balance of hardships between LNC and Defendants does not warrant a remedy in equity, and the public interest would be disserved by an injunction.

### Eighth Defense

71. LNC's claims for damages and other remedies are barred by collateral estoppel.

### Ninth Defense

72. Counts I and II of LNC's Complaint, Breach of Contract and Violation of Louisiana Unfair Trade Practices and Consumer Protection Law, are barred by the doctrine of res judicata because these claims could have been, but were not, asserted in the prior litigation between the parties, including but not limited to *Jackel I*.

### Tenth Defense

73. Counts I and II of LNC's Complaint, Breach of Contract and Violation of Louisiana Unfair Trade Practices and Consumer Protection Law, are barred by the doctrine of collateral estoppel.

**Eleventh Defense**

74. Defendants did not violate La. Rev. Stat. § 51:1409.

**Twelfth Defense**

75. Plaintiffs' claim under Louisiana's Unfair Trade Practices Act is barred, in whole or part, by the one year peremptive period.

**Thirteenth Defense**

76. Plaintiffs' claim under Louisiana's Unfair Trade Practices Act is preempted by United States Patent Law, Trademark and Trade Dress Law.

77. Defendants reserve any and all rights to amend their Answer and Defenses to LNC's Complaint and to add additional defenses as they become apparent.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendants state the following Counterclaims against the Plaintiffs:

78. Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 77 hereof as though set forth fully herein.

79. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

80. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §§ 2201-02 and Rule 57 of the Federal Rules of Civil Procedure because an actual and justiciable controversy exists concerning the rights of and legal relations between Plaintiffs and Defendants.

81. Jackel International Limited is a corporation organized and existing under the laws of England and Wales having a principal place of business at Dudley Lane, Cramlington, Northumberland, NE 23 7RH, England.

82.     Mayborn is a corporation organized under the laws of the State of New York with a principal place of business at One Edgewater Drive, Brookside Park, Norwood, Massachussetts 02062.

83.     Upon information and belief, Plaintiff/Counterclaim-Defendant Luv 'n care, Ltd. is a corporation organized under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 7120.

84.     Upon information and belief, Plaintiff/Counterclaim-Defendant Admar is a corporation organized under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

85.     This Court has personal jurisdiction over Plaintiffs.

86.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338, this being a civil action arising under the laws of the United States.

87.     Venue is proper over Plaintiffs in this Court under the provisions of 28 U.S.C. § 1391.

### Count I
### Declaratory Judgment Regarding
### Noninfringement of the '841 Patent

88.     Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 87 hereof as though set forth fully herein.

89.     Plaintiff LNC has alleged that it is the owner of all right, title and interest in and to the '841 patent.

90.     Plaintiffs initiated the instant patent infringement action against Defendants on August 14, 2014, by alleging that Defendants infringe the '841 patent.

91. There is an actual and justiciable controversy between Plaintiffs and Defendants concerning Plaintiffs' allegations that Defendants' products infringe their patent rights pursuant to the Patent Act, 35 U.S.C. § 1, et seq., by infringing the '841 patent.

92. These allegations have placed a cloud over Defendants' business activities and caused uncertainty regarding Defendants' rights in the marketplace.

93. Defendants' products have not and do not infringe Plaintiffs' alleged rights in the '841 patent, as Plaintiffs have asserted, and Defendants are entitled to a judgment declaring their noninfringement of the '841 patent.

94. As a direct and proximate result of Plaintiffs' allegations of patent infringement, Defendants are suffering irreparable injury to their reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

95. Accordingly, Defendants seek a Declaratory Judgment that they have not infringed any valid and enforceable claim of the '841 patent, including a declaration that they have not infringed the '841 patent by direct, contributory, or inducement of infringement.

**Count II
Declaratory Judgment Regarding
Invalidity of the '841 Patent**

96. Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 95 hereof as though set forth fully herein.

97. There is an actual and justiciable controversy between Plaintiffs and Defendants concerning Plaintiffs' allegations that Defendants' products infringe Plaintiffs' patent rights pursuant to the Patent Act, 35 U.S.C. § 1, et seq., by infringing the '841 patent, and that the '841 patent is valid and was duly and legally issued by the United States Patent and Trademark Office.

98. Plaintiffs' allegations have placed a cloud over Defendants' business activities and caused uncertainty regarding Defendants' rights in the marketplace.

99. The '841 patent is invalid under the patent laws of the United States for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 171, and Defendants are entitled to a judgment declaring the invalidity of the '841 patent.

100. As a direct and proximate result of Plaintiffs' allegations of patent infringement, Defendants are suffering irreparable injury to their reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

101. Accordingly, Defendants seek a Declaratory Judgment that all claims of the '841 patent are invalid.

### Count III
### Declaratory Judgment that Plaintiffs' Claims Are Barred By The Doctrines of Collateral Estoppel and Res Judicata

102. Defendants repeat, re-allege, and incorporate by reference their responses to Paragraphs 1 through 101 hereof as though set forth fully herein.

103. Plaintiffs' have alleged claims of Breach of Contract and Violation of Louisiana Unfair Trade Practices and Consumer Protection Law in Counts I and II of the Complaint.

104. These claims are barred by the doctrines of collateral estoppel and res judicata on the basis that these claims would, or could have been, adjudicated in prior litigation, including but not limited to *Jackel I*.

105. Accordingly, Defendants seek a Declaratory Judgment that LNC's claims for breach of contract and and alleged violations of Louisiana's Unfair Trade Practices and

Consumer Protection Law (Counts 1 and II) are barred by the doctrines of collateral estoppel and res judicata.

## DEMAND FOR A JURY TRIAL

Defendants hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for entry of judgment as follows.

A. Dismissing with prejudice any and all claims by Plaintiffs against Defendants for injunctive and/or monetary relief;

B. Declaring that Defendants have not infringed any valid and enforceable claim of United States Patent No. 8,695,841, either directly, contributorily, or by inducement;

C. Declaring that all claims of United States Patent No. 8,695,841 are invalid;

D. Permanently enjoining Plaintiffs and their successors and assigns from asserting, instituting, or prosecuting any action based on United States Patent No. 8,695,841 against Defendants;

E. That Plaintiffs take nothing from Defendants;

F. Awarding Defendants their costs and declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Defendants their reasonable attorneys' fees and other litigation expenses associated with the defense of Plaintiffs' claims in this action; and

G. Awarding such other and further relief as this Court may deem just and proper.

Dated: September 24, 2014 Respectfully submitted,

/s/ Michael C. Smith
Michael C. Smith
michaelsmith@siebman.com
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS, & SMITH LLP
113 East Austin Street
Marshall, Texas 75670
Tel: 903.938.8900
Fax: 972.767.4620

Bruce J. Rose, N.C. Bar No. 20105
S. Benjamin Pleune, N.C. Bar No. 28748
Alston & Bird LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 (telephone)
(704) 444-1111 (facsimile)
bruce.rose@alston.com
ben.pleune@alston.com

*Attorneys for Defendants Mayborn USA, Inc. and Jackel International Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this the 24th day of September, 2014.

/s/ Michael C. Smith
Michael C. Smith