# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUV 'N CARE, LTD. and ADMAR INTERNATIONAL, INC. | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | Civil Action No. 2:14-cv-00855-JRG ) ) |
| JACKEL INTERNATIONAL LIMITED and MAYBORN USA, INC., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS JACKEL INTERNATIONAL LIMITED AND MAYBORN USA, INC.'S MOTION TO STAY

**I.     Introduction**

For the sake of efficiency and so that the resources of the parties and this Court are not needlessly wasted, Defendants Jackel International Limited ("Jackel") and Mayborn USA, Inc. ("Mayborn") request that the court stay the current action until after the Federal Circuit renders its opinion in the appeal of a prior case brought by Plaintiff Luv 'N Care, Limited ("LNC") in this Court for infringement of patents related to the patent asserted in this action. *Luv N' Care Ltd. v. Koninklijke Philips NV*, No. 14-1007 (Fed. Cir. filed Sept. 9, 2013) (appeal from opinion of Magistrate Judge Payne).

At issue before the Federal Circuit in the pending appeal is the proper construction of certain claim terms that also appear in the related patent asserted in this case. The Federal Circuit's decision could be dispositive of this action, and in any event will have a significant impact on the claim construction process. At least one of the terms under consideration by the Federal Circuit ("opening") will almost certainly be the subject of claim construction briefing by both parties in this action, and depending on the outcome of the Appeal, may resolve this case entirely.

Additionally, in its briefing before the Federal Circuit, LNC has put the patent asserted in this case squarely at issue by arguing that material from the prosecution history should be considered by the Federal Circuit in rendering its opinion. This not only evidences LNC's apparent belief that the two actions, as well as the related patents asserted in each, are interrelated, but also increases the likelihood that the Federal Circuit's decision may have a significant influence on this action. The Appeal is fully briefed, and oral argument is expected in October 2014.[1]

---

[1] The Federal Circuit has not yet set the date for oral argument, but the Practice Notes following Rule 33 of the Rules of Practice for the Court of Appeals for the Federal Circuit state that "[a]ppeals are usually calendared

## II. Background and Facts

### A. Mayborn's Declaratory Judgment Action

The patent asserted against Defendants in this action, U.S. Patent No. 8,695,841, issued on April 15, 2014. Because Mayborn did not (and does not) believe that its products infringe the '841 Patent, and based on prior accusations of infringement by Plaintiff LNC, Defendant Mayborn filed an action for declaratory judgment for non-infringement in the District of Massachusetts that same day.

However, in light of subsequent arguments made by Koninklijke Philips NV ("Philips") and LNC in the pending Federal Circuit Appeal of a claim construction ruling of this Court addressing patents related to the patent in this action, Mayborn approached LNC to suggest that the parties table their dispute until after a ruling from the Federal Circuit. Ex. 1, August 13, 2014, email from counsel for Mayborn to counsel for LNC. LNC declined to await the decision of the Federal Circuit, and Mayborn ultimately chose to dismiss its claims in Massachusetts.

Two days later, LNC filed this action.

### B. Pending Federal Circuit Appeal

On December 12, 2011, LNC filed a lawsuit in the Eastern District of Texas against Philips for infringement of U.S. Patent Nos. 7,204,386; 7,243,814; 7,789,263; and 7,789,264. Ex. 2-5, US7204386, US7243814, US7789263, US7789264. The Complaint was subsequently amended to add U.S. Patent No. RE43,077. Ex. 6, USRE43077. All of the asserted patents are related to the '841 Patent at issue here.

---

for oral argument or submission without argument within 2 months after the briefs and joint appendix are filed. Counsel are advised of the firm date of hearing approximately 30 days before the session." LNC's Reply brief was filed on August 14, 2014.

This Court issued its claim construction ruling on July 9, 2013, finding that consistent with disclaimer arguments made by LNC during the prosecution of its patents, the term "opening" requires a two-mechanism device that includes (1) a self-sealing slit or opening that closes when suction is not applied, *and* (2) a blocking element against which the slit or opening rests. *See* Ex. 7, Claim Construction Memorandum and Order. LNC conceded that the accused Philips products do not infringe under the Court's interpretation of this term, and appealed the Court's claim construction ruling to the Court of Appeals for the Federal Circuit. *See* Ex. 8, Joint Motion for Entry of Judgment of Non-Infringement.

LNC filed its opening appeal brief on May 23, 2014, arguing that it had rescinded its prior disclaimers that limited the "opening" limitation to a two-mechanism device. *See* Ex. 9, LNC Appeal Brief. In so doing, LNC specifically relied on arguments it raised with the PTO and an interview it had with a PTO examiner *in the prosecution of the '841 patent asserted in this case*. In particular, LNC alleged that the summary of an interview that LNC had with a PTO examiner relating to the terms "hole" and "opening" are relevant to its appeal and should be considered by the Federal Circuit in rendering its decision. Ex. 9 at 46-49.

In its responsive appeal brief, Philips argued that a claim covering only a single-mechanism opening would be invalid in light of the prior art, and noted that the United States District Court for the District of Louisiana came to the same conclusion in a prior opinion addressing the same issue. *See* Ex. 10 at 37-39, Philips Brief; *See Hakim v. Cannon Avent Grp., PLC*, 2005 WL 1793760 (W.D. La. May 4, 2005) *aff'd*, 479 F.3d 1313 (Fed. Cir. 2007). Philips also argued that the recent statements from the PTO with respect to the patent at issue here are still insufficient to rescind the prior disclaimer. Ex. 10 at 49-50. In particular, Philips argued

that the statement by the PTO is vague and not sufficiently specific to overcome LNC's prior disclaimer limiting the scope of its patent claims to a two-part mechanism. *Id.*

### III. Applicable Legal Principles

A district court has inherent power to stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N Am. Co.,* 299 U.S. 248, 254 (1936). When considering a motion to stay, the court considers three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues and trial of the case; and (3) whether discovery is completed and a trial date has been set. *See Allergan Inc., v. Sandoz Inc.,* No. 2:12-cv-207-JRG, 2013 WL 1222347, at *1 (E.D. Tex. March 25, 2013) (citing *Soverain Software LLC v. Amazon.com, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex. 2005) (applying the factors for a motion to stay pending reexamination to a motion for stay pending resolution of appeal to the Federal Circuit of related patents). Each of the relevant factors favors a stay here.

#### A. A Stay Will Not Unduly Prejudice Or Tactically Disadvantage Plaintiffs

A stay will not prejudice Plaintiffs. This case was filed just under two months ago and is still in its very early stages. No discovery has been exchanged, no status conference has taken place, and no scheduling order has been entered. "As neither side has yet to begin the process of developing this case, there is no apparent prejudice or tactical disadvantage that the Plaintiff would be forced to endure if a stay were granted." *Card Activation Tech. v. 7-Eleven, Inc.,* No. 10-cv-4984, 2011 WL 663960, at *2 (N.D. Ill. Feb. 10, 2011).

### B. A Stay Will Simplify The Issues And Trial Of The Case.

A stay will simplify and streamline any remaining issues for trial in this action, and indeed may render this action moot. In the pending appeal, Plaintiff LNC squarely placed the patent at issue in this case before the Federal Circuit.  In particular, Plaintiff LNC sought a substantive ruling that it had rescinded a prior prosecution disclaimer based on the summary of an interview with a PTO examiner that was conducted in connection with the patent asserted in this case.  Ex. 9 at 46-49.  Any substantive ruling by the Federal Circuit with respect to the patent in this case will have direct influence here, and may be case dispositive. For example, if the Appellate Court indulges Plaintiff LNC's request to consider the prosecution materials from the patent in this case, yet finds the disclaimer insufficient, Defendants' products, like Philips', cannot be found to infringe.

Philips also argues that the broader construction advocated by LNC to the Federal Circuit renders the current patent invalid.  As noted in Philips' appeal brief, this is a view that is shared by the Louisiana Federal District Court. *See Hakim,* 2005 WL 1793760, at *6. In particular, LNC similarly lost a prior lawsuit for infringement of a patent related to those asserted here and in the Federal Circuit appeal.  That ruling was the first to identify Plaintiff LNC's disclaimer limiting the "opening" term to a two-mechanism device, and also indicated that any broader interpretation would render Plaintiff LNC's patent invalid in light of prior art that clearly showed single-mechanism devices long before Plaintiff LNC applied for its patent:

> The prosecution history makes perfectly clear that Hakim specifically distinguished his invention from the prior art by limiting it to an apparatus with both (1) a slit which closes when suction is not applied, and (2) a second closure consisting of a blocking element which the slit rests against.
> …

> Were the court not to construe the patent in this manner, then the invalidity of the Hakim patent '931 is assured. For Hakim's patent would be no more than a duplication of the prior art, which is why it was rejected by the patent office in the first place. The concept of a flexible diaphragm with a hole in it which rests against a blocking element to shut off the flow of liquid when pressure (sucking) is not applied, has been known since at least 1959 and is the subject of at least four patents. 35 U.S.C. 102(b).

*Hakim*, 2005 WL 1793760, at *5-6. Even if the Federal Circuit were to agree with Plaintiff LNC and find that the prior disclaimer had been rescinded, the Appellate Court could then follow the reasoning of the Louisiana District Court and find Plaintiff LNC's patents invalid. Although the patent in this case is not asserted in the Federal Circuit appeal, and therefore any invalidity finding would not apply directly, Defendants believe that such a finding would nonetheless be fatal to the related patent asserted here.

Any opinions from the Federal Circuit on either of these points will have a significant impact on the issues in this case. Even if the resolution of those issues does not completely moot this action, the Federal Circuit's consideration of claim construction will at the very least simplify and streamline the issues for trial and pre-trial motion practice. Accordingly, the second factor also favors a stay.

A similar factual scenario was presented to the Northern District of Illinois in *Baxter International, Inc. v. Fresenius*, 2008 WL 4395854 (N.D. Ill. 2008). In that case, the Defendant moved for a stay on three independent grounds – reexamination of related patents, *inter partes* review of the patents-in-suit, and a pending Federal Circuit appeal involving patents related to the patent-in-suit. The Court rejected the first two grounds due primarily to the uncertainty of the time frame for resolving the challenges at the PTO. However, the Court granted the stay based on the Federal Circuit appeal because the appeal addressed (1) claim construction of terms found in the patents-in-suit, and (2) validity issues that may be relevant to the patents-in-suit. In

7

addition, the district court found that the well-defined period of time within which the appeal would be completed (similar to the case here, the appeal was fully briefed and oral argument was expected within two months of the order) supported the appropriateness of a stay.

By contrast, the facts of this case are distinguished from those considered by this Court in *Allergan v. Sandoz Inc*. In that case, the defendant also moved for a stay pending a Federal Circuit appeal involving patents related to the patent being litigated. This Court denied the defendant's motion in-part because the appellate decision concerned "different patents with different limitations" potentially leading to a decision that may not affect the validity and infringement issues being litigated. *Allergan*, 2013 WL 1222347, at *2. In this case, however, unlike in *Allergan*, the patent asserted here contains the same claim term that is directly at issue on appeal. The Federal Circuit's ruling on the construction of claim terms in the pending appeal could be dispositive of this action, and, at the very least, should impact claim construction. Defendants also note that a stay was again considered and granted by this Court in *Allergan* after the parties received the Federal Circuit's decision on appeal. *Allergan*, No. 12-cv-207, Dkt. No. 209. While the facts of *Allergan* are not directly analogous, Defendants believe that the parties here would similarly benefit from the Federal Circuit's decision before this case proceeds.

Finally, in response to this motion, LNC may argue that the above described patent issues are unrelated to LNC's state law claims for breach of contract and unfair competition, and therefore Defendants' motion should be denied either in its entirety, or at least as to the state law claims. However, LNC's state law claims are reliant on a determination of the scope of the proprietary rights that it alleges were misappropriated by Defendants in breach of the relevant contracts. As such, to the extent that the Federal Circuit will address the scope of LNC's

8

proprietary rights by interpreting the term "opening" that appears in the patent asserted here, that decision will also address issues directly relevant to the state law claims.

### C. The Early Stage Of This Case Favors A Stay.

This action was commenced just under two months ago and has proceeded no further than the pleading stage. Unlike in *Allergan,* no schedule has been entered, discovery has not yet commenced and no trial date has been set. *Id.* (stating that having scheduled the parties' Markman hearing and jury selection weighs against granting a stay). Because this action is in its infancy, a stay would allow the parties to streamline fact and expert discovery in this action based on any issues remaining for adjudication after the Federal Circuit appeal.

Finally, unlike in *Allergan,* a stay will lead to a significant saving in the Court's and the parties' resources because, whatever the outcome, the resolution of the Federal Circuit appeal is likely to drive settlement discussions, a stipulated disposition or dispositive motion practice, possibly eliminating the need for a trial altogether.

Dated: September 24, 2014                    Respectfully submitted,

/s/ Michael C. Smith
Michael C. Smith
michaelsmith@siebman.com
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS, & SMITH LLP
113 East Austin Street
Marshall, Texas 75670
Tel: 903.938.8900
Fax: 972.767.4620

Bruce J. Rose, N.C. Bar No. 20105
S. Benjamin Pleune, N.C. Bar No. 28748
Alston & Bird LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 (telephone)
(704) 444-1111 (facsimile)
bruce.rose@alston.com
ben.pleune@alston.com

*Attorneys for Defendants Mayborn USA, Inc. and Jackel International Limited*

## CERTIFICATE OF CONFERENCE

I certify that the meet and confer requirement of Local Rule CV-7(h) has been complied with. On September 24, 2014, Bruce Rose and Ben Pleune, counsel for Defendants, and Deron Dacus, counsel for Plaintiff met and conferred telephonically about the Motion to Stay. The parties were unable to reach agreement on the motion and are accordingly at an impasse. Accordingly the motion is presented to the Court for resolution as opposed.

/s/ Michael C. Smith
Michael C. Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this the 24th day of September, 2014.

/s/ Michael C. Smith
Michael C. Smith