# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| LUV 'N CARE, LTD. and ADMAR INTERNATIONAL, INC. | ) ) Civil Action No. 2:14-cv-855-JRG ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JACKEL INTERNATIONAL LIMITED and MAYBORN USA, INC., | ) ) ) |
| Defendants. | ) ) |

## JOINT MOTION FOR ENTRY OF
## PROTECTIVE ORDER (WITH CONTESTED PROVISION)

Plaintiffs Luv 'n Care, Ltd. and Admar International, Inc. (collectively "Plaintiffs") and Defendants Jackel International Limited and Mayborn USA, Inc. (collectively "Defendants") file this Joint Motion for Entry of Protective Order (with Contested Provision). Pursuant to the Court's Order of October 15, 2014 (Doc. 12), the parties have been working on the Protective Order. The parties have agreed on a Protective Order, subject to the Court's approval, with one exception. In sum, Defendants propose to add a separate and additional layer of confidentiality designation, which Plaintiffs oppose. Attached as Exhibits A and B are competing proposals regarding the pertinent paragraph. Exhibit B is Defendants' proposal in "red-line" form against Plaintiffs' proposal. Below are the parties' respective arguments related to the disputed paragraph.

**Plaintiffs' Position**

Plaintiffs oppose Defendants designation for "Highly Confidential – Outside Attorneys' Eyes Only" for the proposed Stipulated Protective Order because this designation deprives Plaintiffs' lead trial counsel, Hartwell Morse, of information essential to his representation of Plaintiffs in this action.

Following over three decades in private practice, Plaintiffs' lead trial counsel is now Plaintiffs' in-house IP Litigation Counsel and will try this case.  Defendants "Highly Confidential – Outside Attorneys' Eyes Only" designation is proposed for (1) financial information including costs and margins, and (2) strategic planning of business activities going forward.  Access to this information for Plaintiffs' IP Litigation Counsel is necessary for conducting discovery, strategic management of the litigation, appraisal of the merits of the various claims involved, and continued case assessment for potential settlement purposes.

Plaintiff's IP Litigation Counsel has no management or competitive decision-making authority.  He is not involved in product design and development, manufacturing, sales, marketing, advertising, pricing, strategic planning or other aspects of Plaintiff's products.  He is not a registered patent attorney, does not prepare or assist in the preparation of patent applications and exercises no authority over the preparation and prosecution of Plaintiff's patent applications.

Plaintiffs' restrictions placed on in-house counsel for information designated as "Highly Confidential – Attorneys' Eyes Only" and "Very Sensitive" are more than sufficient to address Defendants' concerns.  Plaintiffs' proposed Stipulated Protective Order is modeled after the Stipulated Protective Order entered into in the action styled *Luv n' care, Ltd. v. Koninklijke*

*Philips NV*, Civil Action No. 2:11-CIV-00512-RSP, U.S. District Court for the Eastern District of Texas, where Defendant Koninklijke Philips NV has in-house counsel.

Plaintiffs' have employed The Dacus Law Firm, LLP as local counsel and will rely on this firm to assist in providing strategic support and guidance into the proper conduct of the litigation and trial of this action in the Eastern District of Texas.  While Plaintiffs' will rely on local counsel for support throughout the litigation, it is not envisioned that they will be involved in some of the day-to-day prosecution of this action, including the conduct of discovery and motion practice.  Those activities are reserved for Plaintiffs' IP Litigation Counsel.

Plaintiff's respectfully request that the Court deny Defendants' proposed Stipulated Protective Order and allow Plaintiffs' IP Litigation Counsel access to information necessary to allow him to fully and fairly represent Plaintiffs in this action under the terms of Plaintiffs' proposed Stipulated Protective Order.

**Defendants' Position**

Defendants propose a Protective Order that is substantially the same as the Protective Order proposed by Plaintiffs, with one important difference.  In addition to the confidentiality levels provided in Plaintiffs' proposed Order, Defendants propose an additional confidentiality level of "Confidential – Outside Attorneys' Eyes Only."  Defendants request this additional level of confidentiality to protect a limited category of information from disclosure to Defendants' in-house IP Litigation Counsel, Hartwell P. Morse, III, who is assisting outside counsel with the litigation.

In particular, Defendants seek to protect from disclosure sensitive financial documents (such as prices, costs, revenues, profits and/or margins) and forward looking strategic business

planning and product design information. *See* ¶ 6(a)(1) of Defendants' Proposed Protective Order.  Defendants' concern regarding the sensitivity of such documents stems from the parties being fierce competitors in the marketplace, as well as the many years of contentious litigation between the parties.  Further, as indicated on Mr. Morse's personal "LinkedIn" page, he indicates that he "works closely with Luv n' Care's General Counsel in monitoring Luv n' Care's patents and trademarks as well as working with outside IP prosecution counsel," and that Mr. Morse "reports directly to Luv n' Care's CEO on all IP litigation matters." In view of that, Mr. Morse appears to be a competitive decision maker.

Given these legitimate concerns by Defendants, and the narrowly tailored scope of documents for which Defendants seek an "Outside Attorneys' Eyes Only" designation, Defendants submit that their proposed Protective Order accomplishes all the goals and protects the interests of all parties.  Defendants further submit that Mr. Morse does not need access to these narrow categories of information to fully participate in this litigation.  Moreover, to the extent disclosure of any information (such as financial information) to Mr. Morse would be helpful in advancing any potential settlement of the case, Defendants could permit such disclosure to Mr. Morse on a case-by-case basis pursuant to ¶ 6(b)(7) of Defendants' Proposed Protective Order.

Should the Court be inclined to enter a Protective Order without an "Outside Attorneys' Eyes Only" designation, Defendants request that the Court require Mr. Morse be required to sit for a deposition limited to the level of his involvement in competitive decision making and in patent prosecution matters for Plaintiffs.  Further, to the extent that Mr. Morse is given access to such information, Defendants request that the Court order that such information be required to be stored on a stand-alone, non-networked computer drive such that other employees or principals

of Plaintiffs cannot access the information, and that Mr. Morse be barred from giving advice, participating, supervising, or assisting in the prosecution of patents pertaining to no-spill cups during the pendency of the present action and for one calendar year after the conclusion of the present litigation including any appeals.

 Respectfully submitted,

 /s/ Deron R. Dacus
 Deron R. Dacus
 State Bar No.  00790553
 Shannon Dacus
 State Bar No. 00791004
 Peter Kerr
 State Bar No. 24076478
 The Dacus Firm, P.C.
 821 ESE Loop 323, Suite 430
 Tyler, TX 75701
 Phone: (903) 705-1117
 Fax: (903) 705-1117
 pkerr@dacusfirm.com
 ddacus@dacusfirm.com
 sdacus@dacusfirm.com

 Hartwell P. Morse, III
 Bar No. Illinois 6199527
 3030 Aurora Avenue
 Monroe, LA   71203
 318-338-3108
 Fax: 318-388-5892
 hartwellm@nuby.com

 Attorneys for Plaintiffs
 and Filed on Behalf of Defendants

## CERTIFICATE OF SERVICE

 The undersigned certifies that on this 5th day of December, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

 /s/ Deron R. Dacus
 Deron R. Dacus