**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| _____ ) | |
| LUV N' CARE, LTD. and ADMAR ) | Civil Action No. 2:14-cv-00855-JRG |
| INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JACKEL INTERNATIONAL LIMITED ) | |
| and MAYBORN USA, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and the Court's individual practice, and upon the stipulation of Plaintiffs Luv n' care, Ltd. and Admar International, Inc. (collectively "Plaintiffs") and Defendants Jackel International Limited and Mayborn USA, Inc. (collectively "Defendants') (Plaintiffs and Defendants collectively referred to as the "Parties" and each individually referred to as a "Party"), for a Stipulated Protective Order ("Stipulated Protective Order" or "Order") to preserve the confidentiality of important competitive information, and the Court being fully advised, the following procedures shall be used for the protection of the Parties in the above-captioned litigation (the "Litigation" or "Action") and non-parties that provide discovery in the Litigation against the improper disclosure or use of confidential information produced in discovery or filed with this Court.

IT IS HEREBY STIPULATED AND AGREED by the undersigned and ORDERED by the Court:

1.     This Stipulated Protective Order shall govern the handling of all documents (whether in writing, in any electronic form, or otherwise), testimony and other information, or the substance thereof in any form, including but not limited to all copies, excerpts, extracts and summaries thereof produced, given or filed during discovery and other proceedings in this Litigation, and designated either "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," and "Very Sensitive" as set forth below. "Document" or "documents" as used herein mean and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, computer files, disks, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or document requests, and motions, including copies or computer-stored versions of any of the foregoing, as well as anything meeting the definition of a "writing" as used in Fed. R. Evid. 1001.

2.     Any Party or other person or entity agreeing to be bound hereby (including non-parties) producing or disclosing information or material may designate as "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" any portions of any information or material, subject to paragraphs 4, 5, and 6, and 7 below.

3.     The Parties' counsel and any other person or entity obtaining information or material designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" shall (a) maintain such information or material as confidential in accordance with this Stipulated Protective Order, (b) shall not disclose such information or material to any person, entity, organization or agency except as expressly provided below, and (c) shall use such information or material solely for the

purpose of preparing for and conducting the Litigation.  Any information or material designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" shall not be used for any other purpose or disclosed to any persons other than those authorized herein.

4.  "Confidential" Designation

(a)  Any person or entity (the "Producing Party") may designate as "Confidential," any information, material, document, item, or deposition testimony that is filed with the Court or produced in discovery in the Litigation ("Produced Material") pursuant to this Stipulated Protective Order, that the Producing Party in good faith considers:

(1)  to be, reflect, or reveal a trade secret or other confidential research, development, or commercial information in accordance with Fed. R. Civ. P. 26(c)(1)(G) and under state law as a trade secret, or under any qualified privilege recognized by the Federal Rules of Civil Procedure;

(2)  information viewed as proprietary or confidential by the Producing Party that is not publicly available nor otherwise publicly discernible or discoverable;

(b)  Produced Material designated as "Confidential" shall not, without the consent of the Producing Party or further Order of the Court, be disclosed to anyone other than:

(1)  Outside Attorneys for a Party in the Litigation, including:

(A)  Persons regularly members of, employed by, or associated with the law firms retained by a Party, or lawyers or paralegals engaged in

3

whole or in part to assist those law firms, when the assistance of such

persons is required by said attorneys in the preparation for, or trial of, the

Litigation;

      (B)     Jury consultants, mock jurors, other consultants, and/or

vendors retained by, or for, the Parties for case development, trial

preparation, and/or copying or other document processing services,

including preparing document databases and audiovisual aids, e. g.,

exhibits, models, graphics, and video-tapes for use in the court room, as

well as their staff, stenographic, and clerical employees whose duties and

responsibilities require access to such materials, who are not current

employees of any Party to the Litigation or of any direct competitor of any

Party to the Litigation, and who agree to maintain the confidentiality of

the Produced Material;

(2)     Expert witnesses and consultants retained in connection with the

Litigation for the preparation for trial or trial of the Litigation, but only in

accordance with Paragraph 7 of this Stipulated Protective Order and after such

persons have executed the Confidentiality Agreement contained in Exhibit A;

(3)     In-house counsel for the Parties who either have responsibility for

making decisions dealing directly with the litigation of this Action, or who are

assisting outside counsel in the litigation of this Action;

(4)     Up to three (3) designated representatives total for the Parties to

the extent reasonably necessary for the litigation of this Action, except that either

party may in good faith request the other Party's consent to designate one or more

4

additional representatives; the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(5)     The Court (including court reporters, stenographic reporters and court personnel).  In the event that "Confidential" Produced Material is used in any court proceeding in this Action, the Party using such Produced Material shall take steps reasonably available to protect its confidentiality during such use;

(6)     Any person or persons who have prepared the particular documents produced;

(7)     Any person or persons to whom copies of any documents were addressed or delivered as shown on the face of the production document as produced;

(8)     Any employee of the Producing Party or an affiliate thereof; of

(9)     Others to whom the Producing Party has given written consent.

5.     <u>"Highly Confidential – Attorneys' Eyes Only" Designation</u>

(a)     The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only," pursuant to this Stipulated Protective Order, any produced Material that the Producing Party in good faith considers:

(1)     to be, reveal, to contain or reflect information of a highly confidential nature that the Producing Party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under this Paragraph 5 would have the effect of causing harm to the

5

competitive commercial position of the designating entity or a third party,
including but not limited to information that is subject to protection under the
Federal Rule of Civil Procedure 26(c)(1)(G) and under applicable state law as a
trade secret, or under any qualified privilege recognized by the Federal Rules of
Civil Procedure, commercial, financial, or personal information that the
Producing Party has maintained in confidence, and, to the extent not covered by
Paragraph 6 below, technical, research and development, design, intellectual
property, including pending patent applications, information concerning future
market plans or market direction or any material required by law or agreement to
be kept confidential;

(b)     Produced Material designated "Highly Confidential – Attorneys' Eyes
Only" shall not, without consent of the Producing Party or further Order of the Court, be
disclosed to anyone other than:

(1)     Outside Attorneys for a Party in the Litigation, including:

(A)     Persons regularly members of, employed by, or associated
with the law firms retained by a Party, or lawyers or paralegals engaged in
whole or in part to assist those law firms, when the assistance of such
persons is required by said attorneys in the preparation for, or trial of, the
Litigation;

(B)     Jury consultants, mock jurors, other consultants, and/or
vendors retained by, or for, the Parties for case development, trial
preparation, and/or copying or other document processing services,
including preparing document databases and audiovisual aids, e. g.,

6

exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any Party to the Litigation or of any direct competitor of any Party to the Litigation, and who agree to maintain the confidentiality of the Produced Material;

(2)     Expert witnesses and consultants retained in connection with the Litigation for the preparation for trial or trial of the Litigation, but only in accordance with Paragraph 7 of this Stipulated Protective Order and after such persons have executed the Confidentiality Agreement contained in Exhibit A;

(3)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, however, access must be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client;

(4)     The Court (including court reporters, stenographic reporters and court personnel).  In the event that "Highly Confidential – Attorneys' Eyes Only" Produced Material at trial or in any other proceeding herein shall be made *in camera*  unless the Court orders otherwise or the Parties otherwise agree.  In the event "Highly Confidential – Attorneys' Eyes Only" is used in any court proceeding in this Litigation, the Party using such Produced Material shall take steps reasonably available to protect its confidentiality during such use;

7

(5)     Any person or persons who have prepared the particular documents produced;

(6)     Any person or persons to whom copies of any documents were addressed or delivered as shown on the face of the production document as produced;

(7)     Any employee of the Producing Party or an affiliate thereof; or

(8)     Others to whom the Producing Party has given written consent.

6.     "Highly Confidential – Outside Attorneys' Eyes Only" Designation

(a)     The Producing Party may designate as "Highly Confidential – Outside Attorneys' Eyes Only," pursuant to this Stipulated Protective Order, any produced Material that the Producing Party in good faith considers:

(1)     to be, reveal, to contain or reflect financial information (such as prices, costs, revenues, profits and/or margins) or forward looking strategic business planning and product design information of such a highly confidential nature that the Producing Party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under this Paragraph 5 or 6 would have the effect of causing harm to the competitive commercial position of the designating entity or a third party, including but not limited to information that is subject to protection under the Federal Rule of Civil Procedure 26(c)(1)(G) and under applicable state law as a trade secret, or under any qualified privilege recognized by the Federal Rules of Civil Procedure, commercial, financial, or personal information that the Producing Party has maintained in confidence, and, to the extent not covered by

Paragraph 7 below, technical, research and development, design, intellectual property, including pending patent applications, information concerning future market plans or market direction or any material required by law or agreement to be kept confidential;

(b)      Produced Material designated "Highly Confidential – Outside Attorneys' Eyes Only" shall not, without consent of the Producing Party or further Order of the Court, be disclosed to anyone other than:

(1)      Outside Attorneys for a Party in the Litigation, including:

(A)      Persons regularly members of, employed by, or associated with the law firms retained by a Party, or lawyers or paralegals engaged in whole or in part to assist those law firms, when the assistance of such persons is required by said attorneys in the preparation for, or trial of, the Litigation;

(B)      Jury consultants, mock jurors, other consultants, and/or vendors retained by, or for, the Parties for case development, trial preparation, and/or copying or other document processing services, including preparing document databases and audiovisual aids, e. g., exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any Party to the Litigation or of any direct competitor of any Party to the Litigation, and who agree to maintain the confidentiality of the Produced Material;

9

(2)     Expert witnesses and consultants retained in connection with the Litigation for the preparation for trial or trial of the Litigation, but only in accordance with Paragraph 8 of this Stipulated Protective Order and after such persons have executed the Confidentiality Agreement contained in Exhibit A;

(3)     The Court (including court reporters, stenographic reporters and court personnel).  In the event that "Highly Confidential – Outside Attorneys' Eyes Only" Produced Material at trial or in any other proceeding herein shall be made *in camera*  unless the Court orders otherwise or the Parties otherwise agree.  In the event "Highly Confidential – Outside Attorneys' Eyes Only" is used in any court proceeding in this Litigation, the Party using such Produced Material shall take steps reasonably available to protect its confidentiality during such use;

(4)     Any person or persons who have prepared the particular documents produced;

(5)     Any person or persons to whom copies of any documents were addressed or delivered as shown on the face of the production document as produced;

(6)     Any employee of the Producing Party or an affiliate thereof; or

(7)     Others to whom the Producing Party has given written consent.

**Formatted:** Indent: Left:  1", Tab stops:  2", Left

76.    "Very Sensitive" Designation

(a)     The Producing Party may designate as "Very Sensitive" pursuant to this Stipulated Protective Order, any Produced Material that both:  (1) is not publicly disclosed or available and not already disclosed to Plaintiff and/or Plaintiff's attorneys in

a past and/or ongoing litigation between Plaintiff and one or more Defendants or their predecessors; and (2) the Producing Party in good faith considers to be information that concerns technical details, research and development, design, and/or intellectual property, including pending patent applications, relating to planned or potential future products in the field of the invention of the patents-in-suit that are not now, nor have ever been, publicly disclosed or available;

(b)     Produced Material designated "Very Sensitive" is subject to the provisions of Paragraph 9~~8~~ herein and, in addition, shall not, without the consent of the Producing Party or further Order of the Court, be disclosed to anyone other than those persons and parties identified in Paragraph 5(b) above, although with respect to access to in-house counsel as outlined in Paragraph 5(b)(3), access to "Very Sensitive" information will be limited to one (1) in-house attorney who does not exercise competitive decision-making authority on behalf of the Parties.

8~~7~~.     Any person or entity who is to be given access to "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" Produced Material pursuant to Paragraph 4(b)(2) or 5(b)(2) of 6(b) shall read this Stipulated Protective Order and sign the Confidentiality Agreement attached hereto as Exhibit A, indicating that he/she has read this Stipulated Protective Order and will abide by its terms.  A copy of the signed Confidentiality Agreement shall be served on opposing counsel and counsel for the Producing Party, along with a resume or curriculum vitae and a list of consultancies for the past four (4) years for the person who is to be given the Produced Material, by email or first-class mail at least ten (10) business days prior to the disclosure of the Produced Material.  If an objection is made and served by email and first-class mail within the ten (10) day

11

period, disclosure is not permitted until the matter is resolved by the Parties (who shall meet and confer) or the Court.  The objecting Party carries the burden to show cause why the material should not be disclosed to such person under the terms of this Order.

98.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's information or material that is designated "Very Sensitive", who obtains, receives, has access to, or otherwise learns, in whole or in part, information or material designated by the other Party as "Very Sensitive" under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or it  acquirer,  successor,  predecessor, or other  affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to information or material designated "Very Sensitive" and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

109.    "Confidential,"  "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," and "Very Sensitive" Produced Material shall be designated as follows:

(a)     In the case of documents, designation shall be made prior to production by stamping or writing the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" on each page of any such document.

12

(b)      Information or material produced in an electronic medium (such as CD, DVD, or electronic storage device) is to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" by marking or labeling the CD, DVD, or electronic storage device.  If any person or entity who receives such a designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium shall be marked by that person or entity as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" in accordance with the Producing Party's original designation.  If individual files on the electronic medium have been separately designated as Confidential Information, such designation will be upheld notwithstanding the failure to mark the outside of the electronic medium.

(c)      In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" on the cover page.

(d)      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" Produced Material shall be made either (1) by a statement to such effect on the record during the course of the deposition or (2) by sending to all other parties, the court reporter for the deposition and all other persons known to the Producing Party to have received a

13

copy of the deposition transcript, within twenty days after counsel for the Producing Party receives the deposition transcript, a letter or other written notice designating the relevant portions of the transcript as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive." The letter or other notice shall identify the appropriate level of confidentiality, and identify the pages and lines, and/or exhibits, to be "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" material.  Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, indicating the level of confidentiality claimed by the Producing Party and shall be governed by the terms of this Protective Order.   In situations where the deposition transcript in question involves a number of responses that may contain "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" material and it is impractical to designate the appropriate level of confidentiality after every response, a Producing Party may comply with this portion of the Protective Order by designating the entire deposition transcript as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" and the, upon written request from any other part, lowering or removing the level of confidentiality for specific portions of the deposition transcript.

If a portion of a deposition is designated on the record, during the deposition, as "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive," the deposition shall

14

continue, and if any persons not approved for access under this Protective Order are attending the deposition, they shall leave.

(e)     All briefs, pleadings or other filings with the Court which incorporate or disclose "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" Produced Material shall be appropriately labeled on the cover page and may be the subject of motions to seal or otherwise restrict public access.

11. A Designating Party that inadvertently fails to mark an item as "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" or marks an item with an incorrect designation of confidentiality at the time of the production shall have twenty days after learning of the inadvertent failure or mistake to correct its failure or mistake.  The correction shall be made in writing and shall accompanies by substitute copies of each item, appropriate marked.  Within 10 days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

12. The designation or lack of designation of Produced Material by the Producing Party as "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" does not thereby cause such Produced Material to be confidential, proprietary or trade secret information of that Party or otherwise diminish, denude, or deprive the confidential, proprietary or trade secret status of the Produced Material.  Such a designation may not be introduced into evidence as an admission by a Party and shall not be admissible in evidence for any other purpose.

15

132.    Use or disclosure of Confidential Information beyond the terms of this Order is prohibited unless the Party designating the information as Confidential Information has previously consented in writing to such disclosure, of the court, after notice to all Parties, has ordered that such disclosure be made.

143.    When the inadvertent or mistaken disclosure of documents or things protected by attorney-client privilege, work product immunity with the meaning of Fed. R. Civ. P. 26, or any other rights, immunities or privileges is discovered by the Producing Party and brought to the attention of the Receiving Party, within 10 days of learning of such inadvertent disclosure, the Receiving Party shall return such documents and destroy all copies and any notes, papers, summaries or other instruments which comprise, embody, summarize, discuss or quote from documents or things protected by the attorney-client privilege, work product immunity, or other rights, immunities or privileges and provide written notification of the destruction to opposing counsel.  Such inadvertent or mistaken disclosure of such documents shall not by itself constitute a waiver by the Producing Party of any claims of attorney-client privilege, work product immunity or other rights or privileges.  However, nothing herein restricts the right of the Producing Party to challenge the Producing Party's claim of privilege if appropriate.

154.    A Party shall not be obligated to challenge the propriety of a "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  If any Party to this Litigation disagrees at any point in these proceedings with the designation by the Producing Party of information as Confidential Information, the Parties shall try first to resolve such dispute in good faith on an informal basis.

If the dispute cannot be so resolved, the objecting Party may seek appropriate relief from this Court.

16~~5~~.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

17~~6~~.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "Confidential," ~~or~~ "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "Highly Confidential – Outside Attorneys' Eyes Only" in accordance with this Order.

18~~7~~.    The terms of this Stipulated Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this Litigation.  Unless counsel agrees otherwise in writing, within thirty (30) days following the settlement or conclusion of this Litigation, including the running of any time to appeal or move for relief under Fed. R. Civ. P. 60(b)(1)-(3), each original and every copy of each document which contains Confidential Information shall either be returned to the Producing Party or destroyed except that counsel may retain the originals of any transcripts and deposition exhibits for archival purposes.  Insofar as the provisions of this and any other protective orders entered in this action restrict the

17

communication and use of information produced thereunder, such orders shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such documents were filed under seal) and (b) a Party may seek written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this or any other such Protective Order.

198.    Nothing in this Order shall bar or otherwise restrict any attorney or counsel herein from rendering advice to a client directly with respect to this Litigation and, in the course thereof, referring or relying upon examination of Confidential Information; *provided*, however that in rendering such advice and in otherwise communicating with his client(s), the attorney shall not disclose the content or the source of any Confidential Information.

2019.    Nothing herein shall prevent any Party, on notice to the other Party, from applying to the Court for a modification of this Stipulated Protective Order or to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate confidentiality order as to any particular document or information, including restrictions differing from those specified herein.  Nor do the Parties waive any right to seek relief from the Court from any provision of this Stipulated Protective Order at any time, by order or by stipulation.

210.    Each person to whom "Confidential," or "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" Produced Material is disclosed pursuant to this Stipulated Protective Order thereby submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Stipulated Protective Order.

221.    Nothing herein shall be construed (a) as preventing a Party from disclosing its own information which it has designated "Confidential," or "Highly Confidential – Attorneys'

18

Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" as it

deems appropriate, and any such disclosure, except as otherwise provided herein, shall not be

deeded: (a) a waiver of any other Parties' obligations under this Stipulated Protective Order,

except as provided by law; (b) as preventing a Party from using or continuing to use any

information that is already known to the Party, or which is or becomes publicly known through

no unauthorized act of such Party; or (c) as preventing a party from using or continuing to use

any information that is or becomes known to it if such information was or is lawfully obtained by

such Party.  Should a dispute arise as to any specific information or materials, the burden shall be

on the Party claiming that such information is or was publicly known or obtained other than

through discovery of the Producing Party.

       23<del>2</del>.    If material or information designated "Confidential," <del>or</del> "Highly Confidential –

Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very

Sensitive" is disclosed by a Receiving Party to any person other than in the manner authorized by

this Stipulated Protective Order, the Receiving Party responsible for the disclosures must

immediately bring all facts relating to such disclosure to the attention of the Producing Party and,

without prejudice to the rights and remedies of the Producing Party, make every effort to

mitigate the damage done by its disclosure and prevent further unauthorized disclosure.

       24<del>3</del>.    Nothing herein shall be construed as an agreement or admission with respect to

the competency, relevance or materiality of any Confidential Information, document or the like.

       25<del>4</del>.    Nothing in this Order in any manner defines the scope of discovery or the

materials to be produced in this litigation.

19

26̶5̶.     Nothing in this Order shall be construed to require production of such Confidential Information deemed by trial counsel for the Producing Party to be privileged or otherwise protected from discovery.

27̶6̶.     The provisions of this Order apply to all proceedings in this action and any related proceedings including any arbitrations, settlement proceedings, and proceedings upon remand.

28̶7̶.     This Order supersedes any previous arrangement for confidentiality entered into by the Parties related to this Litigation.  However, the obligations incurred under such prior agreements are not altered or suspended except as modified herein.

29̶8̶.     The Parties hereby stipulate that this Court has jurisdiction over this Stipulated Protective Order for all purposes including enforcement, and that the Court retains jurisdiction even after termination of this Litigation to enforce this Order.

30̶2̶9̶.   In the event that this Order is not entered by the Court for any reason, the terms of this document shall nevertheless be binding on the Parties and shall govern the use and disposition of any documents produced or information disclosed by a Party pending the entry of the Order.

**IT IS SO ORDERED.**

**SIGNED** this __ day of _____, 2014.

20

**Exhibit "A"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| _____ | ) |
| LUV N' CARE, LTD. and ADMAR | ) Civil Action No. 2:14-cv-00855-JRG |
| INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JACKEL INTERNATIONAL LIMITED | ) |
| and MAYBORN USA, INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**CONFIDENTIALITY AGREEMENT CONCERNING MATERIAL COVERED BY THE STIPULATED PROTECTIVE ORDER**

The undersigned has read the annexed Stipulated Protective Order.  The undersigned agrees to be bound by each of the terms thereof, and not to disclose or otherwise use any "Confidential," ~~or~~ "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only," or "Very Sensitive" (as those terms are defined therein) information or material made available or produced in connection with this matter other than as provided for in the Stipulated Protective Order.

The undersigned agrees to submit to the jurisdiction of this Court for the purposes of enforcement of this Agreement.  Nothing in this Agreement shall be construed as precluding any

1

other court or judicial body from exercising jurisdiction over the undersigned for purpose of

enforcement of this Agreement.

Dated:  _____          By:_____
                                          SIGNATURE

                                     Print Name:_____
                                     For:_____
                                     Print Address:_____
                                     _____
                                     _____

2